Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiff Santina Licitra

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTINA LICITRA, | ) Case No. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR DAMAGES FOR |
| | ) VIOLATION OF FEDERAL |
| vs. | ) CONSTITUTIONAL RIGHTS UNDER |
| | ) COLOR OF STATE LAW (42 U.S.C. § |
| COUNTY OF RIVERSIDE, | ) 1983) CLAIMS FOR |
| ROBERT SIMMONS, MICHAEL | ) UNREASONABLE SEIZURE OF |
| CANIZALES and DOES 1 | ) PERSON; UNREASONABLE / |
| through 10, inclusive, | ) EXCESSIVE FORCE;  CLAIM |
| | ) AGAINST LOCAL GOVERNING |
| Defendants. | ) BODY DEFENDANTS BASED ON |
| | ) FAILURE TO TRAIN;  CLAIM |
| | ) AGAINST LOCAL GOVERNING |
| | ) BODY DEFENDANTS BASED ON |
| | ) OFFICIAL POLICY, PRACTICE, OR |
| | ) CUSTOM; CLAIM FOR MALICIOUS |
| | ) PROSECUTION |
| | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |

**COMES NOW** plaintiff Santina Licitra and shows this honorable court the

COMPLAINT FOR DAMAGES

1

following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983 this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. §1391(b)(2.)

## GENERAL ALLEGATIONS

3.     Plaintiff Santina Licitra is a natural person, who, at all times complained of in this action, resided at 342 South Kirby Lane, in the City of San Jacinto, County of Riverside, in the State of California.

4.     Defendant County of Riverside ("COUNTY") is a municipal entity located in the County of Riverside, State of California; within the territorial jurisdiction of this court.

5.     Defendant Robert Simmons ("SIMMONS") is, and at all times complained of herein, was, a deputy sheriff with defendant COUNTY, acting as an individual person under the color of state law, in his individual capacity, and not in his official capacity, and was acting in the course of and within the scope of his employment with defendant COUNTY.

COMPLAINT FOR DAMAGES

2

6.    Defendant Michael Canizales ("CANIZALES") is, and at all times complained of herein, was, a Sergeant deputy sheriff with defendant COUNTY, acting as an individual person under the color of state law, in his individual capacity, and not in his official capacity, and was acting in the course of and within the scope of his employment with defendant COUNTY.

7.    Defendants DOES 1 through 5, inclusive, are sworn peace officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant COUNTY and/or the Riverside County Sheriff's Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiffs in this instant action. DOES 1 through 5, inclusive, are natural persons whose identities are presently unknown to plaintiff, who, therefore, sue these persons by the fictitious name DOE.

8.    At all times complained of herein, DOES 1 through 5, inclusive, were acting pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant COUNTY and/or the Riverside County Sheriff's

COMPLAINT FOR DAMAGES

3

Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiffs in this instant action were acting in the course of and within the scope of their employment with defendant COUNTY, and as individual persons, acting under the color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 1 through 5, inclusive, when they become aware of said identities.

9.    Defendants DOES 6 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Undersheriffs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Riverside County Sheriff's Department and/or defendant COUNTY, who are in some substantial way liable and responsible for, or otherwise caused the actions complained of by plaintiffs in this action, such as via Supervisory Liability (i.e. failure to properly supervise, improperly directing subordinate deputies, approving unlawful actions of subordinate deputies, failing to intervene in and stop unlawful actions of their subordinates), and/or, such as the failing to properly train Riverside County Sheriff's Department personnel in the use of force.

10.    At all times complained of herein, DOES 6 through 10, inclusive, were acting pursuant to their authority as the Sheriff and/or Undersheriffs and/or Captains

and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Riverside County Sheriff's Department and/or otherwise with COUNTY, and/or some other public official(s) with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY, and were acting as individual persons acting under the color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 6 through 10, inclusive, when they become aware of said identities.

11.    At all times complained of herein, defendants SIMMONS, CANIZALES and DOES 1 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described above) and/or policy making officers / officials and/or final policy making peace officers / officials, with the Riverside County Sheriff's Department and/or otherwise with defendant COUNTY.

12.    Moreover, at all times complained of herein, defendants SIMMONS, CANIZALES and DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Riverside County Sheriff's Department / COUNTY, for, inter alia, for: 1) for using excessive / unreasonable force on persons;  2) for

COMPLAINT FOR DAMAGES

5

unlawfully seizing (detaining and arresting) persons; 3) for unlawful searching persons ; 4) for unlawfully seizing private property and for unlawfully ejecting persons from private residences and for unlawful searching  private residences; 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by the Riverside County Sheriff's Department personnel , and 12) for performing unlawful warrantless searches of private residences , and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiffs in this action.

13.    In addition, defendant COUNTY had notice of other false arrests and uses of unreasonable force by said individual defendants to this action and failed to take any corrective / disciplinary actions against SIMMONS and CANIZALES.  In addition, defendants SIMMONS, CANIZALES and all of the DOE defendants to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiffs their federal constitutional and

statutory rights, and California constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive the plaintiffs of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

14.   Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiffs' federal and state constitutional and statutory rights, as set forth below.

**FIRST CAUSE OF ACTION**
**UNREASONABLE SEIZURE OF PERSON – UNLAWFUL DETENTION**
**AND ARREST WITHOUT WARRANT OR PROBABLE CAUSE**
**UNDER FOURTH AMENDMENT**
**[42 U.S.C. § 1983]**
**(By Plaintiff Santina Licitra Against All Defendants[1])**

15.   Plaintiffs hereby realleges and re-incorporate by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as though set forth in full herein.

16.   On or about June 20, 2013, at approximately 9:00 p.m., plaintiff heard a knock on her front door. Plaintiff asked who was at the door, and was told by defendant SIMMONS that he was a sheriff's deputy with defendant COUNTY.

17.   Plaintiff then asked defendant SIMMONS and DOES 1 through 4,

---

[1] Against the individual defendants, and an accompanying *Monell* claim against defendant County of Riverside, as the entity having a policy and/or custom and/or practice of unlawfully detaining civilians, that was a proximate / legal cause of the constitutional violations by the individual defendants.

COMPLAINT FOR DAMAGES

7

inclusive, what he wanted through he closed front door, and was told by SIMMONS and DOES 1 through 4, inclusive, that he needed to speak to her about an allegation by her next door neighbor that plaintiff's sister violated a civil harassment restraining order (obtained by plaintiff's next door neighbor against her sister; to wit, an allegation that someone had thrown dirt over the neighbor's fence.

18.   Plaintiff has never been the subject of, nor a party to, any restraining order, or other form of injunctive relief; only her sister Carmela.

19.   Plaintiff was then unlawfully ordered to open her front door by defendant SIMMONS and DOES 1 through 4, inclusive, four times; and plaintiff complied with those orders and opened her front door.

20.   When plaintiff was ordered to open her front door by defendant SIMMONS, this verbal command/order of defendant SIMMONS constituted an in-home arrest, all without a warrant, or an emergency or exigency, or even probable cause or reasonable suspicion of criminal conduct by her; all in violation of plaintiff's Fourth Amendment right to be free from unreasonable seizure of her person, especially while inside the sanctity of her own home.

21.   Plaintiff was then accused by defendant SIMMONS and DOES 1 through 4, inclusive, of throwing dirt over her neighbor's fence in violation of a court order. Plaintiff denied this allegation, as she didn't do any such thing. Subsequently, plaintiff was never charged with violating a court order because

COMPLAINT FOR DAMAGES

8

defendant SIMMONS' and DOES 1 through 4's, inclusive's, allegation of any violation of a court order simply wasn't true.

22.    Earlier that day, plaintiff's sister, Carmela Licitra, had been served with a restraining order; enjoining Carmela Licitra from throwing dirt over her neighbor's fence. However, the restraining order did not apply to plaintiff Santina Licitra, as plaintiff had not done anything wrong, and was never a subject nor a party to any court order enjoining plaintiff from doing anything.

23.    Upon the plaintiff opening her door and being asked by SIMMONS and DOES 1 through 4, inclusive, said defendants assumed that plaintiff was her sister, Carmela Santina, and said defendants proceeded to arrest the plaintiff by violently pulling her outside of her home while she was standing inside of the same; all without a warrant or exigent circumstances, or even probable cause or reasonable suspicion of criminal conduct by plaintiff, in violation of plaintiff's Fourth Amendment right to be free from an arrest of her person in her home, in the absence of a warrant or exigent circumstances, or even probable cause or reasonable suspicion of criminal conduct by plaintiff secure in her person without unreasonable seizures of same.

24.    After defendants SIMMONS and DOES 1 through 4, inclusive, violently pulled plaintiff from her home, defendant SIMMONS violently and with great physical force, grabbed onto plaintiff Santina Licitra's wrist and employed a

COMPLAINT FOR DAMAGES

9

painful control hold "wrist lock" upon plaintiff, affecting her wrist joint and radioulnar joints through the painful rotation of her hand and wrist, and in a brutal and vicious manner twisted plaintiff's wrist and hand in an unnatural fashion and pulled plaintiff from inside her home through her threshold and outside of her home.

25. Defendant SIMMONS then took plaintiff down to the ground violently and with great force, dropped down onto her, further injuring her, and placed plaintiff in handcuffs, painfully and agonizingly securing her wrists behind her without double-locking the handcuffs to prevent them from tightening, even though plaintiff had not committed any crime.

26. After plaintiff was in handcuffs, plaintiff's sister Carmela Licitra then identified herself as the person subject to the restraining order to defendants SIMMONS and DOES 1 through 4, inclusive; thereby putting defendants SIMMONS and DOES 1 through 4, inclusive, on notice that she was the one subject to the restraining order; not the plaintiff.

27. By this time, said defendants had no doubt that they had arrested and handcuffed the wrong person. Plaintiff verbally protested her false arrest as she had done nothing wrong, and was arrested in her own home.

28. Defendants SIMMONS and DOES 1 through 4, inclusive, now with full knowledge that he had handcuffed and arrested the wrong person, then released plaintiff from the handcuffs placed upon her, and proceeded to take plaintiff's sister

COMPLAINT FOR DAMAGES
10

Carmela Licitra into custody; taking her to the ground face down on the grass in plaintiff's front yard and handcuffing Carmela Licitra.

29.     After her first unlawful arrest and unreasonable seizure of her person at the hands of defendants SIMMONS and DOES 1 through 4, inclusive, and her subsequent release by SIMMONS, plaintiff then went into her home and grabbed her camera to document her sister's arrest and obtain evidence of SIMMONS' and DOES 1 through 4, inclusive's, unreasonable use of excessive force upon her sister. Plaintiff then returned outside and took a photograph of defendants SIMMONS and DOES 1 through 4, inclusive on top of her sister, Carmela Licitra, face down on the grass in the front yard of her home, handcuffed and brutalized by defendant SIMMONS sitting on top of her sister.

30.     Then, in an act of retaliation for verbally protesting defendant SIMMONS' falsely arresting plaintiff and for verbally protesting the arrest and use of unreasonable force upon her sister, after witnessing defendants SIMMONS and DOES 1 through 4, inclusive's beating / brutalization of her sister, and in retaliation for plaintiff photographing defendant SIMMONS and DOES 1 through 4, inclusive brutalizing her sister, defendants SIMMONS and DOES 1 through 4, inclusive, grabbed plaintiff's camera and threw it to the ground, in an attempt to prevent plaintiff from obtaining any exculpatory evidence or any inculpatory evidence of SIMMONS' misconduct and excessive force, maliciously and unreasonably seizing

COMPLAINT FOR DAMAGES

plaintiff's property without a warrant and without probable cause to seize plaintiff's camera.

31.   Defendants SIMMONS and DOES 1 through 4, inclusive, then left Carmela Licitra face down and handcuffed on the grass, and grabbed plaintiff Santina Licitra again, violently and with great force by her wrists held behind her, and pulled plaintiffs arms upwards with great force in a painful and agonizing manner.

32.   Defendants SIMMONS and DOES 1 through 4, inclusive, then kicked plaintiff's feet out from under her while simultaneously holding her wrists and arms up behind her; pushing plaintiff to the ground face first onto the concrete walkway in front of plaintiff's porch. Then SIMMONS and DOES 1 through 4, inclusive, jumped on top of plaintiff and handcuffed her once more. The handcuffs were fastened to plaintiff's wrists by SIMMONS and DOES 1 through 4, inclusive, very tightly so as to cause plaintiff to suffer great pain and injury, and to purposely leave contusions on plaintiff' wrists; again without double locking the handcuffs to prevent them from tightening upon plaintiff's wrists, even though plaintiff had not committed any crime.

33.   Plaintiff and her sister were then taken to two separate patrol cars by defendant SIMMONS and DOES 1 through 6, to jail.

COMPLAINT FOR DAMAGES

12

34.    After plaintiff and her sister were placed handcuffed into separate patrol cars, defendant CANIZALES, a Sergeant, and DOES 7 through 8, inclusive, arrived at the scene.

35.    Defendants CANIZALES and DOES 7 through 8, inclusive, knowing that plaintiff was falsely arrested by his subordinate officer SIMMONS, felt foolish unarresting plaintiff, and ratified the unlawful conduct of SIMMONS and DOES 1 through 4, inclusive, by refusing to unarrest plaintiff. Defendants CANIZALES and DOES 7 through 8, inclusive, also were aware of the plaintiff's unlawful arrest, had a reasonable opportunity to release the plaintiff from police custody, had a responsibility to release the plaintiff from police custody, yet failed to do so.

36.    Then, after plaintiff and her sister were handcuffed in separate police vehicles, defendants SIMMONS, CANIZALES and DOES 1 through 8 then illegally entered plaintiff's home, without probable cause or a search warrant, and illegally took photos inside of plaintiff's home without either the plaintiff's or her sister's[2] consent.

37.    Then, to preclude defendants from any civil liability for their unlawful detention, arrest and seizure of plaintiff's person and property, and to conspire to deny plaintiff her fundamental rights, plaintiff was taken to the sheriff's station and photographed, fingerprinted, booked and thrown into jail by defendants SIMMONS,

---

[2] Or anyone else's consent.

COMPLAINT FOR DAMAGES

13

CANIZALES and DOES 1 through 10, inclusive, and was further charged with the bogus charge of violation of Penal Code section 148(a)(1), resist, delay or obstruct a peace officer engaged in the lawful performance of his duties—a charge that simply was not true, and which case was terminated in a manner inconsistent with guilt.

38.   As complained of herein above, the defendants to this action had neither a warrant for plaintiff's arrest, nor probable cause (or even reasonable suspicion) to believe that plaintiff had committed a crime, nor reasonable suspicion that plaintiff was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by plaintiff; or that justified any seizure of the plaintiff by defendants SIMMONS, CANIZALES and DOES 1 through 10, inclusive.

39.   As a result or said unreasonable seizures of plaintiff and the use of unreasonable force upon plaintiff, plaintiff suffered substantial general and special damages, including but not limited to, great and severe physical injury, pain and suffering, and severe mental and emotional distress, pain and suffering , psychiatric and psychological counseling and therapy and medical bills and expenses, and other special damages; all in an amount to be shown at trial, in excessive of $10,000,000.00.

40.   Said unreasonable and unlawful seizure of plaintiff by defendants SIMMONS, CANIZALES and DOES 1 through 8, inclusive, above-referenced, was done maliciously and in reckless disregard of the plaintiff's constitutional rights;

sufficient for an award of punitive damages against said defendants (save COUNTY); in an amount to be shown at trial, in excessive of $2,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights
### Excessive / Unreasonable Use of Force on Person
### (By Plaintiff Santina Licitra Against All Defendants[3])

41.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42.    As mentioned above, plaintiff was repeatedly and unlawfully ordered to open her front door by defendant SIMMONS and DOES 1 through 4, inclusive, four times; and plaintiff was forced and coerced by SIMMONS and DOES 1 through 4, inclusive, to open her front door by such unlawful orders uttered repeatedly by SIMMONS.

43.    As stated above, when plaintiff was ordered to open her front door by defendant SIMMONS, this verbal command /order of defendant SIMMONS and DOES 1 through 4, constituted an in-home arrest, all without a warrant or exigency (or even probable cause or reasonable suspicion); in violation of plaintiff's Fourth Amendment right to be free from unreasonable seizure of her person, especially while inside the sanctity of her own home.

---

[3] Against the individual defendants, and an accompanying *Monell* claim against defendant County of Riverside, as the entity having a policy and/or custom and/or practice of using unreasonable force upon civilians, that was a proximate / legal cause of the constitutional violations by the individual defendants.

COMPLAINT FOR DAMAGES

15

44.    As stated above, rather than investigate or even inquire as to whom plaintiff was to determine whether there was any violation of any court order (as SIMMONS had read the temporary restraining order provided by the next door neighbor prior to knocking on plaintiff's door), defendant SIMMONS immediately assumed plaintiff was her sister; and defendant SIMMONS and DOES 1 through 4 violently and with excessive force, pulled plaintiff from her home by her arm, all without a warrant or exigent circumstances and in violation of plaintiff's Fourth Amendment right to be secure in her person without unreasonable seizures of same.

45.    As stated above, after defendants SIMMONS and DOES 1 through 4, pulled plaintiff from her home, defendant SIMMONS violently and with great physical force grabbed onto plaintiff Santina Licitra's wrist and employed a painful control hold "wrist lock" upon plaintiff, affecting her wrist joint and radioulnar joints through the painful rotation of her hand and wrist, and in a brutal and vicious manner twisted plaintiff's wrist and hand in an unnatural fashion, and pulled plaintiff from inside her home through her threshold and outside of her home.

46.    Defendant SIMMONS and DOES 1 through 4, then took plaintiff down to the ground violently and with great force dropped down upon her, and placed plaintiff in handcuffs; painfully and agonizingly securing her wrists behind her without double-locking the handcuffs to prevent them from tightening, even though plaintiff had not committed any crime.

COMPLAINT FOR DAMAGES

16

47. As stated above, after plaintiff was in handcuffs, plaintiff's sister Carmela Licitra then identified herself as the person subject to the restraining order to defendants SIMMONS and DOES 1 through 4, thereby putting said defendants on notice that he had arrested and handcuffed the wrong person.

48. Plaintiff verbally protested her false arrest and being subjected to excessive force, as she had done nothing wrong.

49. Defendants SIMMONS and DOES 1 through 4, now with full knowledge that he had handcuffed and arrested the wrong person, then released plaintiff from the handcuffs placed upon her, and proceeded to take plaintiff's sister Carmela Licitra into custody.

50. As stated above, defendants SIMMONS and DOES 1 through 4, then left Carmela Licitra face down and handcuffed on the grass, and grabbed plaintiff again violently and with great force by her wrists held behind her, and pulled plaintiffs arms upwards with great force in a painful and agonizing manner.

51. Defendants SIMMONS and DOES 1 through 4, then kicked plaintiff's feet out from under her while simultaneously holding her wrists and arms up behind her; pushing plaintiff to the ground face first onto the concrete walkway in front of plaintiff's porch. Then SIMMONS and DOES 1 through 4, jumped on top of plaintiff and handcuffed her once more. The handcuffs were fastened to plaintiff's wrists by SIMMONS and DOES 1 through 4, very tightly so as to purposely leave

COMPLAINT FOR DAMAGES
17

contusions on plaintiff' wrists, again without double locking the handcuffs to prevent them from tightening upon plaintiff's wrists, even though plaintiff had not committed any crime.

52.    Plaintiff suffered physical injuries to her hands, wrists, arms and shoulders as a result of the assault and battery by defendants SIMMONS and DOES 1 through 10, inclusive; as well as emotional trauma and distress from being physically assaulted and by defendants SIMMONS and DOES 1 through 10, inclusive, which emotional trauma and distress have manifested into physical damages.

53.    The actions of defendant SIMMONS said DOE defendants, as complained above herein, constituted a violation of plaintiff Santina Licitra's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon her person.

54.    As a direct and proximate result of the actions of SIMMONS, CALIZADES, COUNTY and DOES 1 through 10, inclusive, plaintiff Santina Licitra was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

18

55.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of plaintiff Santina Licitra's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Claim Against Local Governing Body Defendants Based On Failure To Train**
**(By Plaintiff Santina Licitra Against all Defendants[4])**

56.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57.    As shown above, when defendants COUNTY and DOES 1 through 10, inclusive, deprived plaintiff Santina Licitra of her particular rights under the United States Constitution, they were acting under the color of state law.

58.    The training policies of defendants COUNTY and DOES 1 through 10, inclusive, were not adequate to train their Deputy Sheriffs and other sworn peace officer / public officer personnel to handle the usual and recurring situations with which they must deal with, to wit; defendants COUNTY and DOES 1 through 10, inclusive, failed to properly train its Deputy Sheriffs and other sworn peace officer / public officer personnel to not to: 1) use excessive / unreasonable force on persons;

---

[4] A *Monell* claim against defendant County of Riverside, as the entity having a policy and/or custom and/or practice of failing to properly train and discipline its deputies, that was a proximate / legal cause of the constitutional violations by the individual defendants.

COMPLAINT FOR DAMAGES
19

2) unlawfully seize persons; 3) unlawful search persons; 4) falsely arrest and falsely imprison persons, such as by making routine warrantless arrests of persons inside of their home, and by ordering persons to come outside of their homes to arrest them; 5) unlawfully seizing private property; 6) eject persons from their private residences; 6) unlawfully search and damage private residences; 7) interfere with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 8) interfere with persons' rights to remain in their private residences; 9) cover-up unlawful and tortious conduct by the Riverside County Sheriff's Department personnel, and 10) perform unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and complained of by the plaintiff in this action, because of such failure to so properly train said defendants and their other personnel.

59.    Defendants COUNTY and DOES 1 through 10, inclusive, were deliberately indifferent to the obvious consequences of their failure to train their Deputy Sheriffs and other sworn peace officer / public officer personnel adequately; and

60.    The failure of defendants COUNTY and DOES 1 through 10, inclusive, to provide such adequate training caused the deprivation of plaintiff' rights by the defendants COUNTY and DOES 7 through 10, inclusive; that is, the defendants'

COMPLAINT FOR DAMAGES
20

failure to train was so closely related to the deprivation of plaintiff' rights as to be the moving force that caused the ultimate injury.

61.    As a direct and proximate result of the actions of defendants COUNTY and DOES 1 through 10, inclusive, as complained of herein, plaintiff was: 1) substantially physically, mentally and emotionally injured and endured great physical, mental and emotional suffering; 2) incurred medical and psychological costs, bills and expenses, and 3) incurred substantial lost profits and wages; 4) incurred damages to their home, 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

## FOURTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Claim Against Local Governing Body Defendants Based On Official Policy, Practice, Or Custom**
**(By Plaintiff Santina Licitra Against Defendant COUNTY[5])**

62.    Plaintiff hereby realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 61, inclusive, above, as if set forth in full herein.

63.    As shown above, the actions of defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, deprived the plaintiff of her particular rights under the United States Constitution and under the California Constitution, as described above.

---

[5] Against defendant County under *Monell.*

COMPLAINT FOR DAMAGES

21

64.    At all times complained of herein, defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, were acting pursuant to the policies, customs, usages and practices of the Riverside County Sheriff's Department / defendants COUNTY: 1) for using excessive / unreasonable force on persons; 2) for unlawfully seizing persons, such as by ordering persons to exit their homes to be arrested (without any warrant) and by pulling people out of their homes to be arrested or detained (without any warrant); 3) for unlawful searching persons; 4) for falsely arresting and falsely imprisoning persons; 5) for unlawfully seizing private property and for ejecting persons from private residences; 6) for unlawful searching  private residences; 7) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other deputy sheriffs and supervisory personnel from civil, administrative and criminal liability; 8) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by the Riverside County Sheriff's Department personnel, and 12) for performing unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained above, and

COMPLAINT FOR DAMAGES

22

complained of by the plaintiff in this action.

65. Said actions of said defendants were done by them under the color of state law.

66. As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants COUNTY and DOES 1 through 10, inclusive, above-described, defendants committed said actions complained of above.

67. As a direct and proximate result of the actions of defendants COUNTY and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost profits and wages, and 4) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $10,000,000.00.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §1983**
**Violation Of Fourth Amendment Rights -**
**Unreasonable / Unlawful Entry Into & Search and Seizure of**
**Private Residence Of June 20, 2013**
**(Plaintiff Santina Licitra Against all Defendants[6])**

---

[6] Against the individual defendants, and an accompanying *Monell* claim against defendant County of Riverside, as the entity having a policy and/or custom and/or practice of unlawfully entering and search persons and their homes and effect, that was a proximate / legal cause of the constitutional violations by the individual defendants.

COMPLAINT FOR DAMAGES

23

68.   Plaintiff hereby re-alleges and re-incorporate by reference the allegations set forth in paragraphs 1 through 67, inclusive, above, as if set forth in full herein.

69.   As shown above, plaintiff resides at the single family home located at 342 South Kirby Street, San Jacinto, California, during all times complained of in this action.

70.   Defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, arrested plaintiff and then went inside her home to search for the restraining order served on her sister prior to the subject incident and took photographs without obtaining plaintiff's consent or a search warrant, or the consent of any other occupants of said residence.

71.   The arresting of plaintiff Santina Licitra by defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, constituted a seizure / an arrest of her person under the Fourth Amendment to the United States Constitution.

72.   Plaintiff did not give her consent to defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, to enter or search her home.

73.   However, defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, nonetheless searched the plaintiff's home while  was still handcuffed in the back seat of the patrol vehicle, and, thereafter; all without a warrant, consent or any exigency or emergency.

COMPLAINT FOR DAMAGES
24

74.    The actions of defendants , defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, during said June 20, 2013 incident complained of in this action, in entering into plaintiff's home, the warrantless, suspicionless, and otherwise unlawful / unjustified entry of said defendants into the plaintiff' home constituted a violation of the plaintiff's rights to be free from a warrantless entry into her home in the absence of a warrant, consent, a true exigency or a true emergency, none of which existed, under the Fourth Amendment to the United States Constitution.

75.    Furthermore, the detention and arrest of Santina Licitra, including her being ordered to exit her home, constituted an unlawful and unreasonable seizure (detention, then arrest) of Santina Licitra and of the plaintiff's home under the Fourth Amendment to the United States Constitution.

76.    As a direct and proximate result of the actions of SIMMONS, CALIZADES, COUNTY and DOES 1 through 10, inclusive, Santina Licitra was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

25

77.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Santina Licitra's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $10,000,000.00.

### SIXTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. §1983
### Violation of First, Fourth and Fourteenth Amendments
### [Malicious Criminal Prosecution]
### (Against All Defendants[7])

78.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 77, inclusive, above, as if set forth in full herein.

79.    Pursuant to said defendants' arrest of Santina Licitra, defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, authored false and misleading crime reports about their arrest of plaintiff on June 20, 2013, that including knowingly falsely made material misrepresentations of fact about plaintiff's conduct leading up to said arrest, and knowingly falsely made material misrepresentations of fact about her having violated Cal. Penal Code §§ 148(a)(1) and 243(b); something that was completely untrue, and something that the defendants all knew very well were not true.

---

[7] Against the individual defendants, and an accompanying *Monell* claim against defendant County of Riverside, as the entity having a policy and/or custom and/or practice of maliciously prosecuting civilians, that was a proximate / legal cause of the constitutional violations by the individual defendants.

COMPLAINT FOR DAMAGES

26

80.   Relying on those false representations of material facts contained in the crime reports of defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, and otherwise acting against their independent judgment by acting to protect the arresting / procuring[8] police officers from civil liability, internal affairs discipline and obloquy, on or about August 13, 2013, the Riverside County District Attorney's Office filed said above-referenced criminal action against plaintiff on or about August 13, 2013; case number SWM1305305.

77.   Said misdemeanor criminal action against Santina Licitra alleged one Count of violation of Cal. Penal Code § 148(a)(1) (resisting / obstructing / delaying peace officer) and one count of violation of Cal. Penal Code § 243(b) (battery on a peace officer); *People of the State of California v. Santina Licitra, et al.*, Riverside County Superior Court Case No. SWM1305305.

78.   After subjected the plaintiff to numerous court appearances and requiring plaintiff to be ready for trial (which created severe emotional distress which manifested into physical damages), on April 7, 2014, the maliciously prosecuted case against plaintiff was terminated; dismissed in the interest of justice (Cal. Penal Code § 1385) on the motion of the prosecution, for lack of evidence; a termination in a manner inconsistent with guilt on April 4, 2014.

---

[8] That is, "procuring" the plaintiff's malicious prosecution.

COMPLAINT FOR DAMAGES

27

79. Moreover, a substantial or motivating factor in the decision of the defendant deputy sheriffs to procure the criminal prosecution of Santina Licitra, by arresting her and by authoring false and misleading police reports containing false material misrepresentations facts, was Santina Licitra's exercise of her First Amendment right to free speech and to complain to the government (petition government for redress of grievances) and her Fourth Amendment right to be free from unreasonable searches and seizures; to wit, her verbal protest at being ordered out of her home, being "seized" without cause when she had committed no crime, and being subjected to unreasonable force, and her refusal to consent to a search of her home; all of which are classes of speech protected by the First Amendment and plaintiff's right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment.

80. Moreover, as California law immunizes any public employee for filing and maintaining or procuring the filing and maintenance of a malicious criminal prosecution (i.e. Cal. Gov't Code § 821.6), there is no adequate state law remedy for a malicious criminal prosecution under California law. Therefore, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), plaintiff's malicious criminal prosecution was a denial of the due process clause of the Fourteenth Amendment to the United States Constitution.

COMPLAINT FOR DAMAGES

28

81. Accordingly, the arrest of Santina Licitra pursuant to defendants SIMMONS, CALIZADES and DOES 1 through 10, inclusive's plan to maliciously prosecute her, as well as their malicious prosecution of her, constituted an unlawful and unreasonable seizure of Santina Licitra and her home, without a warrant or probable cause to believe that she committed a crime, in violation of her right to be free from such a seizure under the Fourth Amendment to the United States Constitution.

82. In addition, the Riverside County District Attorney's office is more than just a rubber stamp for the police; they actively seek to prosecute bogus criminal cases against innocents for "resistance offenses" to protect the police officers from civil liability, internal affairs discipline and obloquy; not because the defendants that they prosecute for such "resistance offenses" are guilty.

83. As a direct and proximate result of the actions of defendants SIMMONS, CALIZADES and DOES 1 through 10, inclusive, as complained of herein, Santina Licitra was: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation and other related costs, and 4) incurred lost profits / wages and other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

29

84.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. §1983**
**Violation of First Amendment Rights**
**[Freedom of Speech / Right to Petition Government For Redress of Grievances]**
**(Against All Defendants[9])**

85.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 84, inclusive, above, as if set forth in full herein.

86.    As shown above, pursuant to said defendants' arrest of Santina Licitra, defendants SIMMONS, CALIZADES and DOES 1 through 8, inclusive, authored false and misleading crime reports about their arrest of plaintiff on June 20, 2013, that including knowingly falsely made material misrepresentations of fact about plaintiff's conduct leading up to said arrest, and knowingly falsely made material misrepresentations of fact about her having violated Cal. Penal Code §§ 148(a)(1)

---

[9] Against the individual defendants, and an accompanying *Monell* claim against defendant County of Riverside, as the entity having a policy and/or custom and/or practice of violating the first amendment freedom of speech and right to petition rights of civilians, that was a proximate / legal cause of the constitutional violations by the individual defendants.

COMPLAINT FOR DAMAGES
30

and 243(b); something that was completely untrue, and something that the defendants all knew very well were not true.

87.   Also, as shown above, a substantial or motivating factor in the decision of the defendant deputy sheriffs to procure the criminal prosecution of Santina Licitra, by arresting her and by authoring false and misleading police reports containing false material misrepresentations facts, was Santina Licitra's exercise of her First Amendment right to free speech and to complain to the government (petition government for redress of grievances) about her being subjected to unreasonable force and being unlawfully and unreasonably seized by said defendants, and her verbal complaints about the unlawful search of her home; all in violation of her Fourth Amendment rights.

88.   As a direct and proximate result of the actions of defendants SIMMONS, CALIZADES and DOES 1 through 10, inclusive, as complained of herein, Santina Licitra was: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) attorney's fees and associated litigation and other related costs, and 4) incurred lost profits / wages and other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

COMPLAINT FOR DAMAGES

89.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

1) For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $10,000,000.00[10] against all defendants;

2) For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, save defendant COUNTY, in an amount to be shown at trial, in excess of $10,000,000.00.

3) For reasonable attorney's fees and other costs of suit herein;

4) For a trial by jury;  and

5) For such other and further relief as this honorable court deems proper,  just and equitable.

_____
JERRY L. STEERING, ATTORNEY FOR PLAINTIFF
SANTINA LICITRA

_____
[10] Including treble damages.

COMPLAINT FOR DAMAGES

32